UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN CROUCH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAINT AGNES MEDICAL CENTER,<br><br>Defendant. | No.  1:22-cv-01527-ADA-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(ECF No. 39) |

Defendant Saint Agnes Medical Center removed this putative class action from the Superior Court of the State of California, County of Fresno.  (ECF No. 1.)  Plaintiff alleges Defendant violated California privacy and confidentiality statutes by using a code analytics tool on its website, Facebook/Metal Pixel (Pixel), that shared Plaintiff Kathryn Crouch's private information with Facebook.  (*Id*.)  Defendant alleges jurisdiction under 28 U.S.C. § 1442(a)(1), which is known as the federal officer removal statute.  (*Id.* at 1.)

On March 14, 2023, Plaintiff filed a motion to remand.  (ECF No. 30.)  On March 16, 2023, this matter was referred to the assigned Magistrate Judge for the preparation of findings and recommendations and/or other appropriate action.  (ECF No. 31.)  On April 19, 2023, the assigned Magistrate Judge entered findings and recommendations, recommending that Plaintiff's motion to remand this case to state court be granted; that Defendant's request for judicial notice be granted; and that Defendant's motion to dismiss be denied as moot.  (ECF No. 39.)  On May 3, 2023,

1

Defendant filed timely objections. (ECF No. 42.) Plaintiff has not filed any reply to the objections, and the fourteen-day period to do so has expired. (ECF No. 39 at 12.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

In its objections, Defendant first argues the Magistrate Judge erred by relying on decisions that were wrongly decided, distinguishable, or currently on appeal. (ECF No. 42 at 3-6.) Defendant contends that the Magistrate Judge erred by following *Doe v. BJC Health System*, No. 4:22-cv-919, 2023 WL 369427 (E.D. Mo. Jan. 10, 2023), *Quinto v. The Regents of the University of California*, No. 3:22-cv-04429-JD, 2023 WL 1448050 (N.D. Cal. Feb. 1, 2023), *Heard v. Torrance Memorial Medical Center*, No. 22-09466 DSF (JPRx), 2023 WL 2475544 (C.D. Cal. Mar. 13, 2023), and *Doe v. Torrance Memorial Medical Center*, No. 23-cv-01237-DSF (JPR), 2023 WL 2916548 (C.D. Cal. Apr. 12, 2023). (*Id.* at 4-5.) Defendant argues the Ninth Circuit has not yet reached a decision on whether a healthcare provider who received incentive payments under the Meaningful Use Program may remove a case to federal court under the federal officer statute and that a majority of the other cases the Magistrate Judge relied on are on appeal to their respective circuit courts. (*Id.* at 4-6.) Therefore, Defendant requests that this Court wait to issue an order until the Ninth Circuit has issued a decision.

However, this Court need not wait. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007) governs this case. The basic purpose of the federal officer removal statute is to protect the government from state interference with its operations. *Id.* at 150. "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 153. Courts may not interpret section 1442(a) so as to considerably expand the scope of the statute, and potentially bring within its scope state-court actions filed against private firms in many highly regulated industries. *Id.*

The Supreme Court has ruled that the relationship between the private party and the

Government must involve "an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior."  *Id.* at 152 (emphasis in original).  The "help or assistance necessary to bring a private person within the scope of the statute does not include simply complying with the law."  *Id.*

The vast majority of courts that have addressed this issue have held that providers are not "acting under" federal officials when they participate in the Meaningful Use Program.  *See Doe v. Redeemer Health & Holy Redeemer Health Sys.*, No. cv 23-2405, 2023 WL 6323089, at *4 n.1 (E.D. Pa. Sept. 28, 2023) (compiling cases where district courts held that since providers were acting as part of a voluntary program, they were not "acting under" the direction of any federal officer or agency.).  Therefore, the Court adopts the Magistrate Judge's findings that Defendant's compliance with the requirements of the Meaningful Use Program does not show that Defendant was acting under the "subjection, guidance, or control" of any federal officer. *Watson*, 551 U.S. at 151 (citation omitted).

Second, Defendant argues the Magistrate Judge misapplied the legal standard regarding the type of relationship needed between Defendant and the federal government for purposes of federal officer jurisdiction.  (ECF No. 42 at 6-8.)  Defendant argues the Magistrate Judge improperly added a new requirement to the federal officer removal statute when it concluded that "Defendant's mutually beneficial relationship with the Government shows that it was acting as a private party to advance its own interests rather than 'assisting' the Government in performing a basic duty."  (Id. at 6-7.)  Defendant argues this alleged new motive requirement is contrary to both Ninth Circuit and Supreme Court precedent.  (*Id.*)  Defendant's argument, however, is unpersuasive.  Regardless of a parties' motive, the question is whether Defendant assisted or helped carry out the task of the federal government.  As the Magistrate Judge noted, "receiving incentive payments for acting in a way that promotes a broad federal interest . . . is not the same as being contracted to carry out, or assist with, a basic governmental duty."  (ECF No. 39 at 9 (citations omitted).)  Further, as the *Quinto* court pointed out, at least two recent Ninth Circuit cases make clear that the mere furthering of a federal goal is not tantamount to assisting or carrying out a federal task or duty.  *See Quinto*, 2023 WL 1448050, at *3.  Thus, the Magistrate Judge did not misapply the applicable standard

///

with respect to the type of relationship between Defendant and the federal government.

Third, Defendant alleges the Magistrate Judge erred in finding that Defendant did not follow the close direction of the federal government when implementing the Meaningful Use Program. (ECF No. 42 at 8-9.) Defendant's argument is misplaced. The Magistrate Judge explained that although Defendant had to follow certain requirements to receive incentive payments, this at most demonstrates that, "by choosing to participate in the Meaningful Use Program and follow its guidelines to receive incentive payments, [Defendant] operated as a private entity subject to government regulation, which is not sufficient to show that it acted under federal officer." (ECF No. 39 at 10 (citations and quotation marks omitted).)

Fourth, Defendant also argues the Magistrate Judge erred in finding that the Government would not have to build the electronic records system itself without the use of private entities like Defendant. (ECF No. 42 at 9-10.) Defendant points to President Bush's Executive Order 13335 to argue that the Executive Order has mandatory language imposing an obligation on the National Coordinator to create and implement nationwide interoperable health information technology, thus without the use of private entities, the National Coordinator would have been obligated to create this electronic records system. (*Id.*) The Court disagrees. The Executive Order mandates the National Coordinator to "develop, maintain, and direct the implementation *of a strategic plan* to guide the nationwide implementation of interoperable health information technology." (*Id.* at 9 (emphasis added).) As a district court in our circuit correctly explained, this imposes a duty on the National Coordinator to create a plan—a duty that was carried out by creating a plan that incentivized private firms, like Defendant, to implement such technology voluntarily. *See Valladolid v. Mem'l Health Servs.*, No. cv 23-3007-MWF (ASX), 2023 WL 4236179, at *12 (C.D. Cal. June 27, 2023). Thus, "the payments are a means of encouraging innovation and adoption of technology, not compensation for carrying out tasks and services for the Government that it would otherwise be charged with doing." (*Id.* (internal citations omitted).)

Lastly, Defendant alleges the Magistrate Judge also erred in not finding that Defendant faces the risk of state court prejudice. (ECF No. 42 at 10.) As explained by the Magistrate Judge in the findings and recommendations, "[w]hen a company subject to a regulatory order (even a highly

4

complex order) complies with the order, it does not ordinarily create a significant risk of state-court prejudice. Nor is a state-court lawsuit brought against such a company likely to disable federal officials from taking necessary action designed to enforce federal law." (ECF No. 39 at 11 (citations omitted).) Thus, this Court cannot conclude that Defendant faces a risk of state court prejudice as a federal official might. (*Id.*)

Accordingly,

1. The findings and recommendations issued on April 19, 2023, (ECF No. 39), are ADOPTED in FULL;
2. Plaintiff's motion to remand, (ECF No. 30), is GRANTED; and this matter is remanded back to the Superior Court of the State of California, County of Fresno;
3. Defendant's request for judicial notice, (ECF No. 34), is GRANTED; and
4. Defendant's motion to dismiss, (ECF No. 15), is DENIED as moot.

IT IS SO ORDERED.

Dated:   October 20, 2023

UNITED STATES DISTRICT JUDGE